# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS HUGHES, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-1443 |
| v. | : | |
| KEVIN MISKELL, et al., | : | (JUDGE MANNION) |
| Defendants | : | |

## O R D E R

Presently before the court is the defendants' motion for reconsideration of the court's order of December 5, 2013, granting the plaintiff's request for an extension of time to file an appeal of the judgment entered against him on September 30, 2013. (Doc. 67). In order to correct an error of law, the court will grant the defendants' motion.

By way of relevant background, on July 13, 2010, the plaintiff filed the instant civil rights action pursuant to 42 U.S.C. §1983. At the time, the plaintiff was represented by counsel. Subsequently, the defendants filed a motion for summary judgment. (Doc. 44). After briefing, a report was issued by the magistrate judge assigned to the matter recommending that the defendants' motion be granted and the case be closed. (Doc. 57). By memorandum and order dated September 30, 2013, the report and recommendation was adopted and the Clerk was directed to enter judgment in favor of the defendants and close the case. (Doc. 60, Doc. 61). Judgment was entered the same day. (Doc. 62).

On December 4, 2013, the plaintiff filed a document, *pro se*, titled a motion for relief from judgment, which the court construed as a motion for extension of

time to file an appeal of the court's September 30, 2013, order granting judgment in favor of the defendants. (Doc. 63). By order dated December 5, 2013, the court granted the motion for extension of time and gave the plaintiff until January 5, 2014, to file his appeal. (Doc. 64). The plaintiff filed his notice of appeal on December 17, 2013. (Doc. 65).

On December 19, 2013, the defendants filed a motion for reconsideration of the court's order dated December 5, 2013, allowing the plaintiff an extension of time to file his appeal, (Doc. 67), along with a brief in support thereof, (Doc. 68). The plaintiff filed a brief in opposition to the motion for reconsideration on January 28, 2014. (Doc. 71).

A motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Rister v. Lamas, 2012 WL 3758092 (M.D. Pa. Aug. 28, 2012) (Nealon, J.) (citing Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.)). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing Rinaldi v. Sniezek, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Id. (citing Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (McClure, J.) (internal citations omitted)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Id. (citing Cooper v. Sniezek, 2010 U.S. Dist. LEXIS 100022, *6 (M.D. Pa. 2010) (Rambo, J.) (quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995)).

Here, the defendants argue, in part, that the court committed an error of law in granting the plaintiff an extension of time to file an appeal of the September 30, 2013, judgment. Upon further review, the court agrees. To this extent, when the court construed the plaintiff's December 4, 2013, filing as a motion for extension of time and granted the extension, it incorrectly considered the provisions of the Federal Rules of Appellate Procedure, specifically Rule 4(a)(5)(A)(i). Pursuant to Fed.R.App.P. 4(a)(1), the plaintiff had thirty days from the entry of judgment to file his notice of appeal. An extension of time for filing an appeal may be filed under Fed.R.App.P. 4(a)(5). However, Fed.R.App.P. 4(a)(5)(A) provides:

(A) The district court may extend the time to file a notice of appeal if:
    (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

3

Because Rule 4(a)(5)(A) is conjunctive, the party must meet both requirements prior to being allowed an extension of time to file an appeal.

Here, in granting the plaintiff's motion for extension of time to file an appeal, the court inadvertently overlooked the fact that the plaintiff was beyond the time requirements of Fed.R.App.P. 4(a)(5)(A)(i). Specifically, the plaintiff's motion for extension of time must have been filed on or before November 30, 2013, in order to be considered by the court. If the plaintiff had filed within that time period, he would then have had to have shown excusable neglect or good cause for seeking the extension. The plaintiff here filed his motion on December 4, 2013, beyond the time allowed by Fed.R.App.P. 4(a)(5)(A)(i). The court therefore erred in granting the plaintiff's motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the defendants' motion for reconsideration of the court's order of December 5, 2013, **(Doc. 67)**, is **GRANTED**;

**(2)** the court's order of December 5, 2013, **(Doc. 64)**, is **VACATED**;

**(3)** the defendant's motion to extend time in which to file his appeal is **DENIED**; and

**(4)** the clerk is directed to close the case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 14, 2014**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2010 ORDERS\10-1443-02.wpd

4